NAME & ADDRESS
Erin Murphy (Bar No. 285087)
Deputy Federal Public Defender
321 East 2nd Street, Los Angeles, CA 90012
T: (2130 894-2854; E: erin_murphy@fd.org

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>PLAINTIFF,<br>v.<br><br>ERIK GOMEZ<br><br>DEFENDANT(S). | CASE NUMBER<br><br>8:20-CR-62-CAS<br><br>CONSENT TO VIDEO/TELEPHONIC CONFERENCE AND/OR WAIVER OF DEFENDANT'S PRESENCE<br>☒ AND PROPOSED FINDINGS/ORDER |

*Check each that applies:*
☒ CONSENT TO VIDEO CONFERENCE/TELEPHONIC CONFERENCE     ☐ WAIVER OF DEFENDANT'S PRESENCE

**1. Consent to Video Conference/Telephonic Conference**

I, Erik Gomez, understand that the U.S. Constitution, the Federal Rules of Criminal Procedure, and/or one or more federal statutes may give me the right to have all the below-listed proceedings take place in person in open court. After consultation with counsel, I knowingly and voluntarily consent to the proceedings below instead taking place by video conference or, if video conference is not reasonably available, by telephonic conference:

*Check each that applies:*

☐ Detention/Bail Review/Reconsideration Hearing(s) (18 U.S.C. Sec. 3142)     ☐ Initial Appearance (Fed. R. Crim. P. 5)
☐ Preliminary Hearing (Fed. R. Crim. P. 5.1)     ☐ Arraignment (Fed. R. Crim. P. 10)
☐ Pretrial Release Revocation Proceedings (18 U.S.C. Sec. 3148)     ☐ Waiver of Indictment (Fed. R. Crim. P. 7(b))
☐ Misdemeanor Pleas and Sentencings (Fed. R. Crim. P. 43(b)(2))     ☐ Appearances under Fed. R. Crim. P. 40
☐ Probation and Supervised Release Revocation Proceedings (Fed. R. Crim. P. 32.1)

*Note: to consent to an appearance by video or telephonic conference at one of the two proceedings listed below, you must also complete the "Proposed Findings" section on page 2 of this form.*

☐ Felony Pleas (Fed. R. Crim. P. 11)     ☒ Felony Sentencings (Fed. R. Crim. P. 32)

**2. Waiver of Defendant's Presence**

I, _____, understand that the U.S. Constitution, the Federal Rules of Criminal Procedure, and/or one or more federal statutes may give me the right to be present at all of the below-listed proceedings - in person, by video conference, or by telephonic conference. After consultation with counsel, I knowingly and voluntarily waive my right to be present in person in open court or by video conference or by telephonic conference at the proceedings below:

*Check each that applies (and use Form CR-35 to waive the defendant's presence at other types of proceedings):*

☐ Detention/Bail Review/Reconsideration Hearing(s) (18 U.S.C. Sec. 3142)     ☐ Waiver of Indictment (Fed. R. Crim. P. 7(b))
☐ Preliminary Hearing (Fed. R. Crim. P. 5.1)     ☐ Appearances under Fed. R. Crim. P. 40
☐ Pretrial Release Revocation Proceedings (18 U.S.C. Sec. 3148)
☐ Misdemeanor Pleas and Sentencings (Fed. R. Crim. P. 43(b)(2))
☐ Probation and Supervised Release Revocation Proceedings (Fed. R. Crim. P. 32.1)

| August 24, 2020 | _/s/_ |
|---|---|
| Date | Defendant |

☒ Signed for Defendant by Counsel for Defendant with Defendant's Authorization [Check if applicable]

I have translated this consent/waiver to the Defendant in the   Spanish                                    language.

August 24, 2020          /s/ Dolorez Martin
Date          Interpreter (if required)

☐ Signed for Interpreter by Counsel for Defendant with Interpreter's Authorization [Check if applicable]

I am counsel for the Defendant herein. Prior to the Defendant signing this document or authorizing me to sign this document on the Defendant's behalf, I fully advised the Defendant of the Defendant's above-referenced rights and consulted with the Defendant regarding such rights and the Defendant's consent/waiver(s). I believe that the Defendant understands such rights and that the Defendant's consent/waiver(s) are knowing and voluntary, and I concur with such consent/waiver(s).

August 24, 2020
Date          Counsel for Defendant

**3. Proposed Findings Regarding Harm of Further Delay of Felony Plea or Sentencing**

Pursuant to § 15002(b)(2) of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act and § 2 of Order of the Chief Judge No. 20-043 (In Re: Coronavirus Public Emergency Use of Video and Telephonic Conference in Certain Criminal Proceedings), felony pleas and sentencings cannot be conducted other than in person in open court unless the judge makes specific findings that the plea or sentencing "cannot be further delayed without serious harm to the interests of justice." Accordingly, if the defendant intends to consent to a felony plea or sentencing taking place by video conference or, if video conference is not reasonably available, by telephonic conference, instead of in person in open court, the defendant must set forth below proposed findings sufficient to make this showing.

Further delay in conducting Erik Gomez's sentencing would cause serious harm to the interests of justice. Specifically, and consistent with Mr. Gomez's obligation under the Plea Agreement, the parties respectfully seek to proceed with his sentencing hearing via telephone-conferencing because waiting until in-person court appearances are permitted risks delaying the timely resolution of his case. Also, Mr. Gomez is currently in state custody on another matter, and the risks and delays of transporting him for sentencing would likely further delay the timely resolution of his case.

**4. Order Adopting Findings Regarding Harm of Further Delay of Felony Plea or Sentencing**

Pursuant to § 15002(b)(2) of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act and § 2 of Order of the Chief Judge No. 20-043 (In Re: Coronavirus Public Emergency Use of Video and Telephonic Conference in Certain Criminal Proceedings), I hereby find that the:

☐ Felony Plea (Fed. R. Crim. P. 11)      ☒ Felony Sentencing (Fed. R. Crim. P. 32)

in this case cannot be further delayed without serious harm to the interests of justice, for the reasons set forth above.

August 25, 2020          Christina A. Snyder
Date          United States District Judge